FOURNET, Justice
 

 (dissenting).
 

 The majority opinion points o'ut that article 162 of the Code of Practice provides: “It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he hais his domicile or residence.” But the article also contains the. clause,
 
 “but this rule is subject to those exceptions expressly provided for by law.”
 
 (Italics mine.)
 

 Following article 162 of the Code- of Practice, part 2, tit. 1, c. 2, “Of Ordinary Proceedings,” section 2, “Before What Tribunals Actions are to Be Brought,” exceptions to the rule are declared in articles 163 and 164 and followed by article 165, which provides:
 

 “There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of domicile or residence; they are here enumerated:
 

 # ‡
 

 «2 * * *
 

 “3.
 
 *
 
 ❖ *
 

 «4, * * *
 

 .«5# * * *
 

 * * *
 

 «7# * * *
 

 “8. * * *
 

 “9.
 
 Trespass.
 
 In all cases where any person,
 
 firm or corporation
 
 shall
 
 commit trespass, or do
 
 anything for which an action for damage lies
 
 or where any corporation shall fail to-dó anything for which an action for damage lies,
 
 such person,
 
 firm'
 
 *79
 
 or corporation
 
 may be sued in the parish where such damage is done
 
 or trespass committed
 
 or at the domicile of such person,
 
 firm or corporation.
 

 “10. * * * ” (Italics ours.)
 

 Thus it may be seen that article 165, as amended, clearly states that- “in all cases where any person * * * shall commit trespass, or do anything for which an action for damage lies * * * such person * * * may be sued in the parish where such damage is done * * * or at the domicile of such person.”
 

 The provisions of the article are very explicit and unambiguous, and the strictest construction thereof possible cannot change the meaning of the most clear provisions of the article.
 

 In the instant case, according to the allegations of plaintiff’s petition, which must be accepted as true for the purpose of passing on the exception, the alleged act on the' part of relator (defendant) in having turned loose a large dog, known by him to be of a vicious temperament, which, while roaming at large in the parish of Orleans, bit respondent (plaintiff),
 
 is an act for which an action for damage lies,
 
 and under the express provisions of article 165 of the Code of Practice, as amended, relator (defendant)
 
 “may be sued in the parish where such damage is done,”
 
 or at his (defendant’s) domicile, at plaintiff’s option.
 

 I therefore respectfully dissent from the majority opinion.